## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>MIDDLE DIVISION</u>

| | | |
|---|---|---|
| *In the matter of:* | ) | |
| | ) | |
| United States of America, | ) | Misc. No. _____ |
| | ) | |
|       Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Mike Hale, in his official capacity as | ) | |
| Sheriff of Jefferson County, Alabama, | ) | |
| | ) | |
|       Respondent. | ) | |
| _____ | ) | |

## <u>PETITION TO ENFORCE DEPARTMENT OF JUSTICE SUBPOENA</u>

The United States of America, through the Attorney General and the

Principal Deputy Assistant Attorney General for the Civil Rights Division,

respectfully petitions this Court for an order to show cause, if any, why

Respondent, Sheriff Mike Hale of Jefferson County, Alabama, should not be

ordered to comply forthwith with the Department of Justice's administrative

subpoena, served pursuant to the Civil Rights of Institutionalized Persons Act

(CRIPA), 42 U.S.C. § 1997a-1 (CRIPA Subpoena No. 2016-01).  The Department

of Justice previously served the subpoena on Sherriff Hale in connection with the

Civil Rights Division's investigation of the housing and treatment of juveniles

detained at the Jefferson County Jail.[1]  As set forth below, this CRIPA subpoena was issued in accordance with applicable administrative steps in support of an investigation conducted for a legitimate purpose, in order to obtain information that is relevant to that purpose and not already in the Department's possession.  *See United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (per curiam) (quoting *United States v. Powell*, 379 U.S. 48, 57–58 (1964)) (outlining the four elements necessary to succeed in enforcing an administrative subpoena:  "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [Department's] possession, and that the administrative steps required by the Code have been followed").

**In support of this Petition, the United States alleges as follows:**

1.      This is a proceeding brought pursuant to Section 3A(b)(2) of the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997a-1, to judicially enforce a CRIPA subpoena.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, 1345, and 42 U.S.C. § 1997a-1(b)(2).

---

[1]      The United States also issued a subpoena on August 12, 2015.  After updating the Attorney General's delegation authority and making minor changes to the requested documents, the United States served the subpoena currently at issue, CRIPA Subpoena No. 2016-01, on April 13, 2016.  This petition seeks to enforce CRIPA Subpoena No. 2016-01 only.

3.      CRIPA, 42 U.S.C. § 1997a, authorizes the Attorney General to investigate conditions of confinement in correctional facilities and initiate civil actions in the name of the United States against state or local officials where that investigation gives the Attorney General "reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution . . . to egregious or flagrant conditions of which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities."

## I.    The Subpoena is in Support of an Investigation Conducted for a Legitimate Purpose.

4.      The Department is conducting its CRIPA investigation of the Jefferson County Jail in Birmingham, Alabama, for a legitimate purpose:  to determine whether there are conditions that deprive detainees at the jail of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

5.      Specifically, the Department's investigation focuses on allegations that juveniles detained at the Jefferson County Jail are placed in cells with adult

detainees, putting them at risk of sexual abuse and other physical violence, or in repeated and prolonged lockdown, exposing juveniles to a significant risk of serious psychological harm, in violation of the Eighth and Fourteenth Amendments.

## II.    The Department Has Complied with the Applicable Administrative Steps.

6.     Section 3A of CRIPA authorizes the Attorney General or, at the direction of the Attorney General, any officer or employee of the Department of Justice, to "require by subpoena access to any institution that is the subject of an investigation under [CRIPA]," including access to documents and records.  42 U.S.C. § 1997a-1(a).

7.     Pursuant to Section 3A of CRIPA, on March 17, 2016, the Attorney General delegated her authority to issue CRIPA subpoenas to the Assistant Attorney General for the Civil Rights Division and any Deputy Assistant Attorney General for the Civil Rights Division within the Department of Justice.  (See Exhibit A) (Attorney General Order 3648-2016).

8.     Vanita Gupta is the Principal Deputy Assistant Attorney General for the Civil Rights Division and is authorized to issue the CRIPA subpoena pursuant to the authority contained in Section 3A of CRIPA and pursuant to the Attorney General's Delegation Order.  *Id*.

9.     Mike Hale, Sheriff of Jefferson County, Alabama, is the administrator of the Jefferson County Jail and is responsible for the operation of the jail.

10.     As required by CRIPA, the Department provided seven days' written notice of our investigation to Sheriff Hale, as well as to the Jefferson County Chief Executive and the Jefferson County Attorney.  (See Exhibit B) (June 3, 2015 letter from Vanita Gupta to Sheriff Mike Hale and Tony Petelos).  Additionally, the Department telephoned and spoke to counsel for Sheriff Hale and the Jefferson County Attorney on June 3, 2015, to directly notify them of the Department's intent to conduct this investigation prior to issuing the requisite notice letter.

11.     Principal Deputy Assistant Attorney General Gupta signed, issued, and caused to be served upon Sheriff Hale CRIPA Subpoena No. 2016-01.  (See Exhibit C).

12.     On April 13, 2016, Riley & Jackson, P.C., the authorized agent of Sheriff Mike Hale, was properly served with CRIPA Subpoena No. 2016-01 at 3530 Independence Drive, Birmingham, Alabama 35209.  (See Exhibit D).

**III.     The Subpoena Seeks Information that is Relevant to the Department's Investigation and Not in Its Possession.**

13.     After notifying Sheriff Hale of this investigation, Department attorneys met in person with the Sheriff and his counsel on June 24, 2015.  During an initial onsite tour of the jail later that day, the Department requested mental

health records.  Sheriff Hale's counsel refused to provide them, stating that mental
health records are privileged from disclosure under Alabama law.  The Department
also sought to interview juveniles in the housing units at the Jail.  Sheriff Hale's
counsel at first requested to sit in on these interviews.  When the Department
declined this request, Sheriff Hale's counsel objected to any contact between the
Department and juvenile detainees without written authorization from their parents
or attorneys.  In response, the Department immediately produced written
authorization it had obtained from counsel at the Southern Poverty Law Center—
which represents several juveniles regarding their conditions of confinement at the
jail—to interview their clients.  Yet, Sheriff Hale's counsel rejected this written
authorization as insufficient and ended the tour.  Sheriff Hale's counsel instructed
the Department attorneys to leave the jail immediately.

14.     In the days following the June 24, 2015 tour, the Department sent
several letters and had a teleconference with Sheriff Hale's counsel explaining the
basis of the Department's authority under CRIPA to access the jail, interview
juvenile as well as adult detainees, and obtain any documents necessary for the
investigation, providing supporting legal citations of authority.   (See Exhibits E, F,
G) (Letters dated June 26, 2015, June 29, 2015, and July 1, 2015 from the
Department to Sheriff Hale's counsel) (citing *United States v. Illinois*, 148 F.R.D.
587 (N.D. Ill. 1993) (compelling production, in a CRIPA action, of internal

medical quality assurance reports otherwise protected from disclosure by Illinois

Medical Studies Act); *United States v. Cnty. of Los Angeles*, 635 F. Supp. 588

(C.D. Cal. 1986) (holding that CRIPA preempted a California statute prohibiting

the disclosure of records in juvenile court proceedings)).  Sheriff Hale's counsel

responded that they would review the citations and advise whether their initial

position would change.

15.     Having not heard anything further from Sheriff Hale's counsel, the

Department sent a letter on July 23, 2015, requesting, among other things, mental

health records for juveniles at the facility, and the ability to interview juveniles

without written authorization from a parent or criminal defense attorney.  (See

Exhibit H).  In its letter, the Department explained that it reserves the exercise of

its CRIPA subpoena authority only "for jurisdictions that refuse to cooperate with

our investigation, as the issuance and litigation of a subpoena for contested access

unduly delays our investigatory process."  *Id.* at 2.  The Department asked that the

Sheriff review the legal authorities cited in earlier correspondence supporting the

Department's position that it has authority to obtain these independent of a

subpoena.

16.     On July 30, 2015, the Sheriff responded to the Department's

document request, stating that the Sheriff's Office would not allow the Department

or its agents access to interview juveniles at the jail absent written parental or

criminal defense attorney authorization.  (See Exhibit I).  Moreover, the Sheriff objected to the production of any records related to the mental health care of juvenile detainees, citing Alabama Code § 34-26-2.  The Department's previous efforts to resolve Sheriff Hale's concerns and objections without seeking judicial intervention were rebuffed.  The Sheriff demanded that the Department issue a CRIPA subpoena pursuant to 42 U.S.C. § 1997a-1 and advised that "once [the Department] issue[s] the subpoena, [the Sheriff] will object to the production of psychiatric records and other mental health records."  *Id.* at 5.  In this response, the Sheriff also advised that the Sheriff's Office would not move to quash the subpoena or seek a protective order, but rather would allow the matter to "be determined by a district judge should [the Department] chose [sic] to file a motion to compel."  *Id*.  Sheriff Hale's Office has thus made it clear that, in order to comply with the Department's request for mental health records or allow the requested access to interview juvenile detainees, it requires a court order to that effect.

17.    In light of Sheriff Hale's response, Principal Deputy Assistant Attorney General Gupta signed, issued, and caused to be served CRIPA Subpoena 2016-01, on Sheriff Hale on April 13, 2016.  (See Exhibit C).  Sheriff Hale failed to produce all of the requested mental health documents required by CRIPA Subpoena 2016-01, objecting on the basis of the patient-psychiatric privilege in

Alabama Code § 34-26-2. (See Exhibit J) (Letter dated May 4, 2016 from counsel for Sheriff Hale to the Department).  Sheriff Hale also maintained that the Department will be prohibited from interviewing any detainee under 19 years of age without presenting written authorization from his/her parent or attorney.  *Id.* at 1–2.

### IV.    <u>All Prerequisites to the Subpoena's Enforcement Have Been Met.</u>

18.    The documents sought by CRIPA Subpoena No. 2016-01 are not already in the possession of the Department of Justice.

19.    The documents requested in the CRIPA subpoena are relevant to the CRIPA investigation of the Jefferson County Jail and are reasonably tailored and defined and pose no undue burden on the Jefferson County Sheriff's Office to produce.  *Id.*

20.    All necessary administrative steps required by CRIPA for the issuance of CRIPA Subpoena No. 2016-01 were taken.  *Id.*

21.    It is necessary to obtain the response of the Jefferson County Sheriff as sought by CRIPA Subpoena No. 2016-01 in order to properly investigate potential violations of the constitutional and legal rights of persons confined to the Jefferson County Jail.  *Id.*

22.    This CRIPA subpoena is properly enforced within the United States District Court for the Northern District of Alabama pursuant to Section 3A(b)(2) of

CRIPA, which allows for enforcement of the subpoena in the United States District Court for the judicial district in which the institution is located.  42 U.S.C. § 1997a-1(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner, United States respectfully prays that the Court:

1.      issue an Order to Show Cause, directing Sheriff Mike Hale to show cause why he should not comply with and obey the aforementioned CRIPA Subpoena No. 2016-01 and each and every requirement thereof (a proposed Order to Show Cause has been submitted with this Petition);

2.      enter an Order directing Sheriff Mike Hale to obey the aforementioned CRIPA Subpoena No. 2016-01 and each and every requirement thereof by:

     a.   producing all of the documents that are required and called for by the terms of CRIPA Subpoena No. 2016-01, including by:

          i.   producing the requested names of all juveniles currently in the mental health service, their diagnoses, who their providers are (psychologist/psychiatrist/both), and when last seen by said provider (Request 1);

   ii.  producing the requested names of all juveniles on psychiatric medication for the last 12 months, with names, diagnoses, dosages of medications, and any dosage changes for each juvenile (Request 2);

  iii.  producing all requested medical and mental health charts for all juveniles currently in the Jail, including lab results for all juveniles on psychiatric medication; vital signs for all juveniles seen in the mental health department; consent forms for medication; treatment plans for all juveniles in the mental health department; and Individualized Education Plans (IEPs) for juveniles receiving mental health care (Request 3);

  iv.  producing all requested completed intake medical and mental health screenings (including suicide screens), assessments, or testing since August 1, 2014 (Request 4);

   v.  producing notes or minutes from medical or mental health team meetings relating to the direct delivery of medical or mental health care services to inmates/detainees at the jail (Request 5); and

  vi.  immediately permitting Department of Justice personnel, including employees, agents, and contractors, access to the

Jefferson County Jail for the purpose of interviewing detainees 18 years of age or under about the conditions of their confinement at the Jefferson County Jail without producing prior written parental or criminal defense counsel authorization;

b. directing that, in the event that Respondent does not comply with CRIPA Subpoena No. 2016-01 as outlined above,

   i. the Department will have established a *prima facie* case of civil contempt against Respondent for failure to comply with the Order; and

   ii. that Respondent may be held in civil contempt for failure to comply with that Order without further notice or hearing;

c. granting the relief in paragraphs (a) and (b) in the event that Respondent fails to appear before this Court at the date and time set forth above; and

3.   granting any such other relief as is just and proper.


DATED this 3rd day of November, 2016.
Washington, District of Columbia

Respectfully submitted,

| | |
|---|---|
| JOYCE WHITE VANCE | VANITA GUPTA |
| United States Attorney | Principal Deputy Assistant Attorney General |
| Northern District of Alabama | Civil Rights Division |
| | |
| LANE H. WOODKE | ROBERT MOOSSY |
| Chief, Civil Division | Deputy Assistant Attorney General |
| Assistant United States Attorney | Civil Rights Division |
| United States Attorney's Office | |
| | |
| JASON R. CHEEK | STEVEN H. ROSENBAUM |
| Deputy Chief, Civil Division | Chief |
| Assistant United States Attorney | Special Litigation Section |
| United States Attorney's Office | |
| Northern District of Alabama | WINSOME G. GAYLE |
| 1801 Fourth Avenue North | Special Litigation Counsel |
| Birmingham, Alabama 35203 | Special Litigation Section |
| (205) 244-2104 | |
| (205) 244-2181 (fax) | KRISTIN E. HUCEK |
| jason.cheek@usdoj.gov | Trial Attorney |
| | Special Litigation Section |

*s/ Marlysha Myrthil*
MARLYSHA MYRTHIL
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 305-3454
(202) 514-4883 (fax)
marlysha.myrthil@usdoj.gov